# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DONDERRIOUS WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 2:13-cv-01105-VEH-JEO |
| | ) |
| JEFFERSON S. DUNN[1], Commissioner, | ) |
| Alabama Department of Corrections, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254 by Petitioner Donderrious Williams, an Alabama state prisoner. (Doc.[2] 1). Williams is serving a sentence of life without parole following his conviction for capital murder. Represented by counsel, Williams has raised habeas claims alleging that his Fifth

---

[1] Petitioner's pleadings name as the sole respondent Kim T. Thomas, in his official capacity as the Commissioner of the Alabama Department of Corrections. (Docs. 1 & 3). However, since those filings, Thomas has been replaced by Jefferson S. Dunn. *See* http://www.doc.state.al.us/ExecutiveBios.aspx; http://www.al.com/news/index.ssf/2015/01/Alabama_prison_commissioner_ki.html. The Clerk is hereby **DIRECTED** to substitute Dunn for Thomas as the respondent on the docket sheet. *See* FED. R. CIV. P. 25(d). By so doing, the court is not purporting to determine whether the Commissioner of the Alabama Department of Corrections is, in fact, the proper respondent. *See generally* Rule 2(a), RULES GOVERNING § 2254 HABEAS CASES; 28 U.S.C. § 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 435-36 (2004).

[2] Citations herein to "Doc(s). ___" are to the document number(s) of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of the Court. Unless otherwise noted, pinpoint citations are to the page of the electronically filed document in the court's CM/ECF system, which may not correspond to pagination on the original "hard copy" of the document presented for filing.

Amendment right against self-incrimination was violated and that his appointed trial counsel rendered ineffective assistance, in violation of the Sixth Amendment. (Doc. 3). On November 7, 2016, the magistrate judge to whom the case was referred entered a report and recommendation pursuant to 28 U.S.C. § 636(b), recommending that Williams's habeas petition be denied. (Doc. 12 ("R&R")). On December 29, 2016, Williams filed objections to the R&R. (Doc. 20).

Williams's objections to the R&R relate specifically to the magistrate judge's recommendation to reject his Fifth Amendment claim, which is founded on *Edwards v. Arizona*, 451 U.S. 477 (1981). In *Edwards*, the United States Supreme Court recognized that once "an accused has invoked his right [under *Miranda v. Arizona*, 384 U.S. 436 (1966),] to have counsel present during custodial interrogation ... [he] is not subject to further interrogation by the authorities until counsel has been made available to him unless the accused himself reinitiates further communication, exchanges, or conversations with police." 451 U.S. at 484-85. On direct appeal, Williams claimed that an incriminating statement he made to police had been admitted at trial in violation of *Edwards* because it was elicited some two weeks after an initial interrogation in which he had allegedly asked for a lawyer. However, the Alabama Supreme Court rejected that claim, concluding that, assuming that Williams had unequivocally asked for a lawyer in his initial interrogation, he had reinitiated contact

with police, based on findings by the trial judge that, while in custody, Williams had told members of his family he wanted to talk further with police and that those family members then relayed that message to the detective in charge. *See Ex parte Williams*, 31 So. 3d 670, 683 (Ala. 2009) (per curiam plurality opinion joined by Woodall, Stuart, Smith, and Parker, JJ.); *id.* (Cobb, C.J., and Lyons, J., concurring in the result without opinion); *id.* at 684-85 (Bolin, J., concurring specially). In so holding, the Alabama Supreme Court expressly acknowledged that *Edwards* did not specifically address whether a defendant might reinitiate communication with police *through a third party*, as the trial court had found to have occurred in Williams's case. *Id.* at 679-80 (per curiam plurality opinion). Nevertheless, the Court concluded that such indirect reinitiation may render a defendant's subsequent statement constitutionally admissible, relying primarily upon the Sixth Circuit's decision in *Van Hook v. Anderson*, 488 F.3d 411 (6th Cir. 2007) (en banc), as well as a host of other lower federal appellate decisions also holding to that effect. *See Ex parte Edwards*, 31 So. 3d at 679-83 (per curiam plurality opinion) (citing and discussing *Van Hook, supra*, and citing *Owens v. Bowersox*, 290 F.3d 960 (8th Cir. 2002); *United States v. Michaud*, 268 F.3d 728 (9th Cir. 2001); *Whitehead v. Cowan*, 263 F.3d 708 (7th Cir. 2001); *Holman v. Kemna*, 212 F.3d 413 (8th Cir. 2000); *United States v. Gonzalez*, 183 F.3d 1315 (11th Cir. 1999), *overruled on other grounds*, *United States v. Farese*,

248 F.3d 1056 (11th Cir. 2001); *United States v. Rodriguez*, 993 F.2d 1170 (5th Cir. 1993); *United States v. Gaddy*, 894 F.2d 1307 (11th Cir. 1990); and *Harvell v. State*, 275 Ga. 562 S.E.2d 180 (Ga. 2002)); *see also Ex parte Edwards*, 31 So. 3d at 684-85 (Bolin, J.) (agreeing that *Van Hook* lays out the proper standard for evaluating whether the accused has validly reinitiated contact with police).

    Having lost on his *Edwards* claim in the Alabama state courts, Williams pressed it again in this court as a ground for federal habeas relief. In recommending that the claim should be denied, the magistrate judge relied upon 28 U.S.C. § 2254(d), which provides in relevant part that a state prisoner's habeas petition "shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1). (R&R at 17-19, 21). That is, the magistrate judge found that the Alabama Supreme Court's conclusion that an accused may initiate further interrogation with police through a third party was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent, including *Edwards*. (R&R at 21-22). That is "plain," the magistrate judge explained, insofar as (1) the Supreme Court has never faced an *Edwards* claim in a factual setting raising the third-party reinitiation

4

issue and (2) numerous other courts, including the United States Court of Appeals for the Eleventh Circuit, have read *Edwards* as authorizing the admission of statements following renewed contact with the police by the accused through communications with a third party. (*Id.*)

The thrust of Williams's objections to the R&R is that the magistrate judge erred in concluding that § 2254(d)(1) precludes habeas relief on his *Edwards* claim. Williams insists that because the *Edwards* opinion itself states that, once an accused has requested counsel, questioning must cease "*unless the accused himself* initiates further communication, exchanges, or conversations with the police," 451 U.S. at 485 (emphasis added), its "holding is very clear" that it "forecloses ... an indirect reinitiation of questioning." (Doc. 20 at 2). This court disagrees.

"[C]learly established Federal law under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (quotation omitted). "It includes only 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'" *Jones v. Secretary, Fla. Dep't of Corr.*, 834 F.3d 1299, 1311 (11th Cir. 2016) (quoting *Lockyer*, 538 U.S. at 71 (quotation omitted)). "A state-court decision is contrary to [the Supreme] Court's clearly established precedents if it applies a rule that

contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005) (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)). "A state-court decision involves an unreasonable application of [the Supreme] Court's clearly established precedents if the state court applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." *Id.* (citing *Williams*, 529 U.S. at 405; *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)). In other words, "a state prisoner must show that the challenged state-court ruling rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Netrish v. Lancaster*, ___ U.S. ___, ___, 133 S. Ct. 1781, 1787 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)); *see also Loggins v. Thomas*, 654 F.3d 1204, 1220 (11th Cir. 2011) ("[I]f some fairminded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied.").

It is undisputed that neither *Edwards* nor any other United States Supreme Court case decided to this point has involved a claim that the accused might have initiated further questioning by expressing to a third party that he desired to talk again with the police. Thus, no Supreme Court decision *holds* that only *direct*

6

communications between a suspect and a law enforcement official may be deemed to reinitiate questioning for purposes of *Edwards*. And despite Williams's insistence that "the *Edwards* jurisprudence" is "very clear" that it "forecloses an indirect reinitiation of questioning" (Doc. 20 at 2), conspicuously absent from his objections is a citation to any case so holding. On the other hand, as noted by both the Alabama Supreme Court and the magistrate judge, numerous federal courts of appeals have held that an accused's communications conveyed to police through a third party may authorize renewed questioning under *Edwards* so as to render a subsequent statement admissible. (R&R at 22); *Ex parte Williams*, 31 So. 3d at 680 (citing cases). And significantly, the United States Court of Appeals for the Eleventh Circuit is among that group. *See Gonzalez*, 183 F.3d at 1324; *United States v. Gaddy*, 894 F.2d at 1310-12; and *United States v. Valdes-Fiallo*, 213 F. App'x 957, 962 (11th Cir. 2007).

Williams responds by maintaining that it is "beside the point" that those courts have held that *Edwards* does not preclude reinitiated contact through a third party "because none of those cases have obtained the imprimatur of or any endorsement from the Supreme Court." (Doc. 20 at 4). "For purposes of § 2254(d)(1)," Williams maintains, "*Van Hook* and the other third-party initiation cases cannot extend or modify *Edwards*." (*Id.* at 5 (footnote omitted)). Rather, he says, "[o]nly a Supreme Court opinion can do that for purposes of the AEDPA inquiry." (*Id.*) Williams further

7

contends that all of these non-Supreme Court decisions "have taken liberties with *Edwards*" and "have extended [it] in improvident" and "ill-advised" ways. (*Id.* at 4). As such, he claims, those decisions themselves amount to "an unreasonable application of *Edwards*" for purposes of § 2254(d)(1). (Doc. 20 at 4). These arguments, however, are not persuasive.

    To start with, Williams seems to be operating under the assumption that this court might grant habeas relief unless the Alabama Supreme Court's conclusion that an accused may be deemed to renew contact with the police for purposes of *Edwards* through third-party communication is *directly supported* by clearly established Supreme Court precedent. That is wrong, of course. Rather, review under § 2254(d)(1) is essentially the reverse, *i.e.*, habeas relief is unavailable unless the state court decision *conflicts* with, or is *objectively unreasonable* in light of, clearly established Supreme Court precedent.  In other words, if Supreme Court precedent on the point of Federal law in question is non-existent, vague, ambiguous, or otherwise uncertain, the benefit of the doubt goes to the state court's disposition, not to the habeas petitioner. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (recognizing that § 2254(d) imposes a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt" (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (citation and internal

quotation marks omitted)); *see also Harrington*, 562 U.S. at 102–03 ("Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979) (Stevens, J., concurring in judgment))).

Williams is also incorrect to suggest that non-Supreme-Court decisions can have no role to play in determining whether a state-court decision is contrary to, or involves an unreasonable application of, clearly established Federal law under § 2254(d)(1). It is true that only decisions of the Supreme Court can give rise to "clearly established Federal law" for purposes of the statute. *See Renico v. Lett*, 559 U.S. 766, 778-79 (2010). Thus, habeas relief may not be granted on the ground that a state court's resolution conflicts only with decisions of the Federal courts of appeals. *Id.*; *Johnson v. Williams*, ___ U.S. ___, ___, 133 S. Ct. 1088, 1098 (2013). Also, the fact that the state court's resolution is in accord with one or more other, non-Supreme-Court decisions does not itself *preclude* a determination that the state court's decision is contrary to, or involves an unreasonable application of, Supreme Court precedent. *See Williams*, 529 U.S. at 409-10 ("The federal habeas court should not transform the inquiry into a subjective one by resting its determination ... on the simple fact that at least one of the Nation's jurists has applied the relevant federal law in the same

manner the state court did in the habeas petitioner's case."). Nevertheless, decisions of courts other than the Supreme Court may be persuasive or instructive as it relates to determining what constitutes a reasonable application of Supreme Court precedent. *See Meriwether v. Chatman*, 292 F. App'x 806, 822 n. 7 (11th Cir. 2008); *Serrano v. Fischer*, 412 F.3d 292, 299 n. 3 (2d Cir. 2005); *Bruce v. Terhune*, 376 F.3d 950, 954 (9th Cir. 2004); *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Grant v. Warden, Maine State Prison*, 616 F.3d 72, 79 n. 5 (1st Cir. 2010); *Chadwick v. Janecka*, 312 F.3d 597, 613 (3d Cir. 2002). And to that end, the fact that numerous non-Supreme Court decisions, even if not binding on this court, have interpreted *Edwards* as authorizing renewed questioning following a third-party communication tends to support that the Alabama Supreme Court's like determination is neither contrary to, nor involves an unreasonable application of, Supreme Court precedent, including *Edwards* itself.

And more importantly, Williams is wrong insofar as he seems to assume that this court may ignore Eleventh Circuit precedent holding that an accused may trigger renewed questioning based on third-party communications. Generally speaking, of course, this court must follow published holdings of the Eleventh Circuit. *McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004); *Johnson v. DeSoto Cty. Bd. of Comm'rs*, 72 F.3d 1556, 1559 n. 2 (11th Cir. 1996). In fact, this court must do so even

if it might believe that an Eleventh Circuit decision did not properly apply an earlier-decided Supreme Court case. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1302-04 (11th Cir. 2001). But because only Supreme Court decisions can constitute "clearly established Federal law" under § 2254(d)(1), an Eleventh Circuit "decision *favorable* to a habeas petition cannot clearly establish that a state court decision of a federal constitutional is contrary to or an unreasonable application of federal law...." *Evans v. Secretary, Fla. DOC*, 699 F.3d 1249, 1266 (11th Cir. 2012) (emphasis added). On the other hand, it is also clear that Eleventh Circuit "decisions that are *unfavorable* to a habeas petitioner can *defeat* his claim under § 2254(d)(1)." *Id.*, 699 F.3d at 1267 n. 11 (emphasis added). Our court of appeals has explained:

> If we have rejected a materially identical claim in a published opinion, that means it is the law of the circuit that the claim has no merit, and if the claim has no merit a state court's rejection of it cannot be "contrary to, or involv[e] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). Otherwise, we would not have rejected the claim ourselves. This Court sitting en banc or the Supreme Court can, of course, overrule our decisions but until that happens we are bound to follow our own published decisions to the extent that they are inconsistent with a habeas petitioner's claim that a contrary position is "clearly established Federal law" within the meaning of § 2254(d)(1).

*Id.*; *see also Serrano*, 412 F.3d 292, 299 n. 3 (2d Cir. 2005) ("[N]othing in AEDPA authorizes this Court to ignore its own precedents in determining what constitutes a '[ ]reasonable application' of Supreme Court law under § 2254(d)(1)"); *see also, e.g.,*

11

*Henness v. Bagley*, 644 F.3d 308, 320 (6th Cir. 2011) (relying on prior circuit precedent concluding that *Edwards* did not prohibit renewed police contact through a third party to hold that the state-court ruling to that same effect under habeas review passed muster under § 2254(d)(1)).

Again, published Eleventh Circuit decisions have held that a defendant may be deemed to have reinitiated questioning under *Edwards* based upon a communication he made to a third party indicating that he wanted to speak further with police about his case. *See Gonzalez*, 183 F.3d at 1324; *Gaddy*, 894 F.2d at 1310-12. So as far as the law of this circuit is concerned, that interpretation of *Edwards* cannot be deemed unreasonable for purposes of § 2254(d)(1).[3] *See Evans*, 699 F.3d at 1267 n. 11. It simply does no good for Williams to cast those decisions so "extending" *Edwards* as "unreasonable," "improvident," or "ill-advised." The court concludes, therefore, that

---

[3] Both *Gonzalez* and *Gaddy* were decided on direct appeal from convictions in federal district court. In that procedural posture, the Eleventh Circuit reviews purely legal issues *de novo*, affording no deference to lower court's conclusion. *See United States v. Chirinos*, 112 F.3d 1089, 1102 (11th Cir. 1997); *United States v. Alexander*, 835 F.2d 1406, 1408 (11th Cir. 1988). Thus, neither *Gonzalez* nor *Gaddy* employed habeas review standards, including those imposed by § 2254(d)(1). Even so, the Eleventh Circuit's analysis in both cases necessarily implies that admission of the statements at issue was not contrary to, nor involved an unreasonable application of, *Edwards* or Supreme Court precedent because the standard of § 2254(d)(1) is more deferential to the ruling under review. *See Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010) ("The state court's decision rejecting Thompkins's *Miranda* claim was thus correct under *de novo* review and therefore necessarily reasonable under the more deferential AEDPA standard of review, 28 U.S.C. § 2254(d)."); *Holland v. Rivard*, 800 F.3d 224, 237 (6th Cir. 2015) (given that habeas petitioner's *Edwards* claim failed "even under a *de novo* review," "[a] *fortiori*, ... it was not unreasonable for the state court to determine that the *Edwards* protections ... did not apply.").

the Alabama Supreme Court's like holding here, sanctioning the validity of renewed questioning based on a communication through a third party, is neither contrary to, nor involves an unreasonable application of clearly established Supreme Court precedent, including *Edwards* itself.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation and the petitioner's objections thereto, the court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**. Petitioner's objections are **OVERRULED**. The petition for a writ of habeas corpus is due to be **DISMISSED WITH PREJUDICE**. Further, the court concludes that the petition does not present issues that are debatable among jurists of reason, so a certificate of appealability is also due to be **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), Rules Governing § 2254 Proceedings. A separate Final Order will be entered.

**DONE** this 6th day of February, 2017.

                                          **VIRGINIA EMERSON HOPKINS**
                                          United States District Judge